# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| PHILIP LOPEZ, | ) |
| Plaintiff, | ) Case No.: 4:19-cv-3310 |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| AREFE BEREKET, | ) |
| and | ) |
| POSTMATES, INC. | ) |
| Defendants. | ) |

## **NOTICE OF REMOVAL**

COMES NOW Defendant Postmates, Inc. ("Defendant" or "Defendant Postmates"), by and through counsel, and hereby removes this matter to this Honorable Court from the Circuit Court of the City of St. Louis, State of Missouri, and states the following in support:

1. This is a civil action in which the District Courts of the United States have been given original jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1441(a), and 1446(b) in that diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy, upon information and belief, exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

2. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- (1) citizens of different States; …" 28 U.S.C. § 1332(a).

3.  Moreover, removal of an action from state court to federal court is proper if none of the parties in interest joined and served as defendants are citizens of the state in which such action is brought.  28 U.S.C. § 1441(b)(2).

4.  Plaintiff filed his petition in the Circuit Court of the City of St. Louis, State of Missouri on or about November 21, 2019.  The Circuit Court of the City of St. Louis, State of Missouri docketed this matter under Cause No. 1922-CC12061.

5.  Pursuant to Local Court Rule 2.03, copies of all processes, pleadings, orders, and other documents now on file in the Circuit Court of the City of St. Louis, State of Missouri for Cause No. 1922-CC11518 are attached hereto as Exhibit A.

6.  Plaintiff's petition sets forth a count of negligence (Count I) and negligence per se (Count II) against Arefe Bereket and a count of vicarious liability (Count III), negligent hiring and retention (Count IV), and negligent training and supervision (Count V) against Defendant Postmates arising from an alleged motor vehicle accident that occurred on May 10, 2019.

7.  In each Count I through V, Plaintiff seeks compensatory money damages in excess of twenty-five thousand dollars ($25,000.00) for alleged bodily injury resulting from the May 10, 2019 accident.  Additionally, Plaintiff seeks punitive damages in each Count III through V.  *See, e.g.,* Mo. Sup. Ct. R. 55.05 ("A pleading that sets forth a claim for relief … shall contain … and (2) a demand for judgment for the relief to which the pleader claims to be entitled….  If a recovery of money be demanded, the amount shall be stated, except that in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority, but the prayer shall be for such damages as are fair and reasonable….  A party may argue at trial that a specific amount of damages should be awarded even though the prayer is for a fair and reasonable amount….."); *see also, e.g.* Mo. Sup. Ct. R. 55.19 ("In actions

where exemplary or punitive damages are recoverable, the petition shall state separately the amount of such damages sought to be recovered.  In actions for such damage based upon an alleged tort, no dollar amount or figure shall be included in the demand, but the prayer shall be for such damages as are fair and reasonable.").

8. Therefore, upon information and belief, the amount in controversy in this matter exceeds the $75,000.00 jurisdictional limit for purposes of 28 U.S.C. § 1332(a).  *See, e.g.,* § 1446 (c)(2)(A) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that -- (A) the notice of removal may assert the amount in controversy if the initial pleading seeks -- …. or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).").

9. Additionally, upon information and belief, Plaintiff is an individual and resident of the City of St. Louis, State of Missouri and is therefore a citizen of Missouri.  *See* Exhibit A, at p. 11.

10. Defendant Postmates is a Delaware corporation, and its principal place of business is in the State of California.  *See* Postmates, Inc.'s State of Missouri Application for Certificate of Authority for a Foreign For-Profit Corporation and 2015-2018 State of Missouri Annual Registration Reports attached hereto as Exhibit B; 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, …").

11.     Therefore, complete diversity of citizenship exists between the parties for purposes of 28 U.S.C. § 1332(a).

12.     Plaintiff has not yet obtained service of process upon Arefe Bereket.

13.     While "all defendants who have been properly joined and served must join in or consent to the removal of the action," 28 U.S.C. § 1446(b)(2)(A), "[i]t is well recognized that the consent or unserved defendants need not be obtained to effectuate removal." *Roberts v. Palmer*, 354 F. Supp. 2d 1041, 1044 (E.D. Mo. 2005) (citations omitted).

14.     Plaintiff obtained service of process on Defendant Postmates on November 22, 2019, giving Defendant Postmates up to and including no earlier than December 22, 2019 to remove this matter to federal court and, therefore, this removal is timely made. 28 U.S.C. § 1446(b).

15.     Complete diversity exists between the parties, the amount in controversy exceeds the required jurisdictional limits, and this Notice of Removal is timely filed thereby making Plaintiff's causes of action removable to this Court.

16.     Venue is also proper in this Court's Eastern Division as the City of St. Louis, Missouri is located within that division.

17.     In accordance with 28 U.S.C. § 1446(d), Defendant Postmates has filed written notice of this removal with the Clerk of the Circuit Court for the City of St. Louis, State of Missouri, where the state court action is pending. A copy of this Notice of Removal and the written notice of same are also being served upon Plaintiff.

WHEREFORE, Defendant respectfully requests that this Honorable Court allow removal of this matter to proceed to the United States District Court for the Eastern District of Missouri, Eastern Division, and for any other or further relief the Court deems just and proper.

        Respectfully Submitted,

        BRINKER & DOYEN, LLP

        By: */s/ Michael S. Butterfield*
        Jeffrey J. Brinker, #30355MO
        Michael S. Butterfield, #68922MO
        34 N. Meramec Avenue – 5th Floor
        Clayton, Missouri 63105
        Telephone: (314) 863-6311
        Facsimile: (314) 863-9197
        jbrinker@brinkerdoyen.com
        mbutterfield@brinkerdoyen.com
        ***Attorneys for Defendant Postmates, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December, 2019, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Lane Matthews, #63065(MO)
PAGE LAW
9930 Watson Road, Suite 100
St. Louis, Missouri 63126
Telephone: (314) 835-5807
Facsimile: (314) 835-5857
lane@pagelaw.com
***Attorneys for Plaintiff***

        */s/ Michael S. Butterfield*